UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 08-60838-CIV-JORDAN

| | |
|---|---|
| MARCIA TAYLOR | ) |
|     Plaintiff | ) ) ) |
| vs. | ) ) |
| COUNTRYWIDE HOME LOANS and WMC MORTGAGE CORP. | ) ) ) |
|     Defendants | ) ) |
| _____ | ) |

**ORDER DISMISSING COMPLAINT AND CLOSING CASE**

    For the reasons set forth below, the defendants' motions to dismiss [D.E. 10, 11], to which Ms. Taylor has not responded, are GRANTED.

    Under Rule 12(b)(6), the well-pleaded factual allegations in a complaint are accepted as true, and those allegations are viewed in the light most favorable to the plaintiff. Nevertheless, a plaintiff must provide more than conclusory grounds for relief. *See Watts v. Florida Int'l University*, 495 F.3d 1289, 1295 (11th Cir. 2007). Although Rule 12(b)(6) does not allow dismissal of a well-pleaded complaint simply because "it strikes a savvy judge that actual proof of those facts is improbable," the "[f]actual allegations must be enough to raise a right to relief beyond the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007).

    The complaint sets forth five claims (two federal claims and three state claims) against Countrywide Home Loans and WMC Mortgage relating to the mortgage loan Ms. Taylor obtained in December of 2006. Ms. Taylor alleges federal question jurisdiction under 28 U.S.C. § 1331.

    Count I is for a violation of RESPA, 12 U.S.C. § 2604(c), and 24 C.F.R. § 3500.7(c) (Regulation X), based on an alleged failure to (a) provide a good faith estimate within 3 days of the loan application, (b) provide a good faith estimate disclosing the yield spread premium, and (c) failure to provide notice of change of service upon assignment of the loan. Ms. Taylor seeks damages, as well as attorney's fees and costs.

Count I fails as a matter of law because "there is no private civil action for a violation of 12 U.S.C. § 2604(c), or any regulations related to it." *Collins v. FMHA-USDA*, 105 F.3d 1366, 1368 (11th Cir. 1997). Count I is therefore dismissed with prejudice.

Count II is for a violation of TILA, 15 U.S.C. § 1601 et seq., and Regulation Z, based on allegations that the truth-in-lending disclosure statement failed to disclose (a) the annual percentage rate for the loan, (b) the finance charges for the loan, (c) the amount financed, (d) the total payments, and (e) the payment schedule. The defendants also allegedly artificially inflated Ms. Taylor's gross income to qualify for a higher loan, failed to deliver a HUD settlement statement within 24 hours of closing, and failed to disclose other expenses at the time of closing. Ms. Taylor seeks rescission of her loan, as well as damages, attorney's fees, and costs.

Count II also fails to state a claim. First, although TILA allows rescission in some cases, rescission is not available for a residential mortgage transaction like Ms. Taylor's. *See* 15 U.S.C. § 1635(e)(1); 12 C.F. R. § 226.23(f). Second, although TILA allows for recovery of damages under 15 U.S.C. § 1640(a)(1), *see Turner v. Beneficial Finance* Corp., 242 F.3d 1023, 1026 (11th Cir. 2001) (*en banc*), Ms. Taylor's claim for damages under TILA is time-barred. Ms. Taylor had one year from the date of closing (December 19, 2006) to file her TILA claim, *see In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984) (citing 15 U.S.C. § 1640(e)), but she did not file suit until June of 2008. This is one of those cases where a statute of limitations bar is "apparent from the face of the complaint" on a motion to dismiss. *See La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).

Counts III (for violation of FDUPTA, Fla. Stat. § 591.21 et seq.), IV (for fraud under Florida law), and V (for rescission under Florida law) are claims under state law. Having dismissed Ms. Taylor's two federal claims, and given that Ms. Taylor has not asserted diversity jurisdiction, I decline to exercise supplemental jurisdiction over Counts III, IV and V. *See* 28 U.S.C. § 1367(c)(3).

The complaint is dismissed, all pending motions are DENIED AS MOOT, and this CASE IS CLOSED. Any amended complaint must be filed by October 29, 2008. If an amended complaint is filed, the clerk will automatically reopen the case.

DONE and ORDERED in chambers in Miami, Florida, this 8th day of October, 2008.

                                                              _____  
                                                              Adalberto Jordan  
                                                              United States District Judge

cc:    All counsel of record.